## Rule 574. Forensic Laboratory Report; Certification In Lieu of Expert Testimony.

[(A)](a)In any trial, the attorney for the Commonwealth may seek to offer into evidence a forensic laboratory report supported by a certification, as provided in [paragraph (E)] subdivision (e), in lieu of testimony by the person who performed the analysis or examination that is the subject of the report.

[(B)](b)Notice.

(1)    If the attorney for the Commonwealth intends to offer the forensic laboratory report and accompanying certification as provided in [paragraph (A)] subdivision (a) as evidence at trial, the attorney for the Commonwealth shall file and serve, as provided in Rule 576, upon the defendant's attorney or, if unrepresented, the defendant a written notice of that fact at the time of the disclosure of the report but no later than 20 days prior to the start of trial.

(2)    The notice shall include a statement informing the defendant that, as provided in [paragraph (C)(3)] subdivision (c)(3), if no written demand for testimony by the person who performed the analysis or examination that is the subject of the forensic laboratory report is made within 10 days of the service of the notice, the forensic laboratory report and accompanying certification are admissible in evidence without the person who performed the analysis or examination testifying.

(3)    Except as provided in [paragraph (C)] subdivision (c), the laboratory report and accompanying certification are admissible in evidence to the same effect as if the person who performed the analysis or examination had personally testified.

[(C)](c)Demand.

(1)    Within 10 days of service of the notice provided in [paragraph (B)] subdivision (b), the defendant's attorney, or if unrepresented, the defendant may file and serve, as provided in Rule 576, upon the attorney for the Commonwealth a written demand for the person who performed the analysis or examination that is the subject of the forensic laboratory report to testify at trial.

(2)    If a written demand is filed and served, the forensic laboratory report and accompanying certification are not admissible under [paragraph

(B)(3)] <u>subdivision (b)(3)</u> unless the person who performed the analysis or examination testifies.

(3)     If no demand for live testimony regarding the forensic laboratory report and accompanying certification is filed and served within the time allowed by this section, the forensic laboratory report and accompanying certification are admissible in evidence without the person who performed the analysis or examination testifying.

[(D)]<u>(d)</u>**Extension.**  For cause shown, the judge may<u>:</u>

<u>(1)</u>     extend the time period for filing the notice or **for filing** the demand for live testimony[,]<u>;</u> or

<u>(2)</u>     [may] grant a continuance of the trial.

[(E)]<u>(e)</u>**Certification.**

The person who performed the analysis or examination that is the subject of the forensic laboratory report shall complete a certification in which the person shall state:

(1)     the education, training, and experience that qualify him or her to perform the analysis or examination;

(2)     the entity by which he or she is employed and a description of his or her regular duties;

(3)     the name and location of the laboratory where the analysis or examination was performed;

(4)     any state, national, or international accreditations of the laboratory at which the analysis or examination was performed; **[and]**

(5)     that the analysis or examination was performed under industry-approved procedures or standards<u>;</u> and

<u>(6)</u>     the report accurately reflects the findings and opinions of the person who performed the analysis or examination regarding the results of the analysis or examination.

**Comment:**  This rule was adopted in 2014 to address the issues raised by the U.S. Supreme Court's decision in *Melendez-Diaz v. Massachusetts,* **[129 U.S. 2527]** <u>557 U.S.</u>

<u>305</u> (2009), that held that the 6th Amendment confrontation right precluded presentation of laboratory reports without a live witness testifying in the trial. In *Melendez-Diaz*, the U.S. Supreme Court noted with approval the use of "notice and demand" procedures as a means of permitting routine laboratory reports to be admitted without the expense of supporting the admission by live expert testimony while protecting a defendant's confrontation rights.

This rule provides a "notice and demand" procedure for Pennsylvania. Under the rule, the attorney for the Commonwealth may seek to admit a forensic laboratory report as evidence without the testimony of the analyst who performed the testing that was the subject of the report if notice requirements are met and no demand for the presence of the analyst is made. If the defendant makes such a demand, the analyst would be required to testify before the report could be admitted into evidence.

Nothing in this rule is intended to preclude a stipulation agreed to by the parties for the admission of the laboratory report without the analyst's presence.

Nothing in the rule would prevent further stipulation by the parties in light of the admission of the report and certification.

Nothing in this rule is intended to change the requirement for the provision of discovery under Rule 573.

Under **[paragraph (D)]** <u>subdivision (d)</u>, the trial judge may permit filing of the notice or demand after the time period required in the rule if the party seeking the late filing shows cause for the delay. In the situation where the judge permits the late filing of the notice, the defendant still has 10 days in which to make the demand for the live testimony of the analyst. This may necessitate a continuance of the trial.

The certification in **[paragraph (E)]** <u>subdivision (e)</u> does not require a description of the actual tests performed for the analysis. This information more properly belongs in the report itself. Since one of the goals of this rule is to permit the defendant to make an informed decision regarding whether to demand the live testimony of the analyst, the report should provide information sufficient to describe the methodology by which the results were determined.

For purposes of this rule, a laboratory is "accredited" when its management, personnel, quality system, operational and technical procedures, equipment, and physical facilities meet **[standards established by a recognized state, national, or international accrediting organization such as the American Society of Crime Laboratory Directors/Laboratory Accrediting Board (ASCLD/LAB) or Forensic Quality Services - International (FQS-I)]<u>the ISO/IEC 17025 standard in the forensic field of testing as determined by an International Laboratory Accreditation</u>**

<u>Cooperation recognized accreditation organization that has been evaluated to meet the ISO/IEC 17011 standard and that has expertise in the forensic laboratory accreditation field</u>.


[NOTE: New Rule 574 adopted February 19, 2014, effective April 1, 2014.

*Committee Explanatory Reports:*

Final Report explaining new Rule 574 providing for notice and demand procedures regarding forensic laboratory reports published with the Court's Order at 44 Pa.B. 1311 (March 8, 2014).]